IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| ADAN PRADO ALVAREZ, #18577-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv972 |
| | | CRIMINAL NO. 4:11CR00006-034 |
| UNITED STATES OF AMERICA | § | |

ORDER OF DISMISSAL

Petitioner Adan Prado Alvarez, a prisoner confined at the Great Plains Correctional Facility, brings this motion to vacate, set aide or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation (Dkt #5) concluding that the motion should be denied as time-barred. Alvarez has filed objections (Dkt #8).

Alvarez is in custody pursuant to a conviction for the offense of conspiracy to distribute and possess with intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. § 846. On September 19, 2011, after a plea of guilty, he was sentenced to 87 months of imprisonment, to be followed by three years supervised release. The judgment was formally entered on September 23, 2011. Alvarez did not file a direct appeal. The present motion was filed on December 1, 2016.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. A one year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction. A conviction is final under § 2255 when a defendant's options for further direct review

are foreclosed. *United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000). When a defendant fails to file a notice of appeal from the judgment of the trial court, his conviction is final upon the expiration of the time for filing a notice of appeal, which is fourteen days after the entry of the judgment. Fed. R. App. P. 4(b). *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).

In the present case, the judgment was entered on September 23, 2011. Since Alvarez did not file a notice of appeal, his conviction became final fourteen days later on October 7, 2011. The present § 2255 motion was due no later than October 7, 2012, in the absence of tolling provisions. It was not filed until more than four years later on December 1, 2016. Magistrate Judge Nowak appropriately recommended that the motion be denied as time-barred.

Alvarez states in his objections that he was denied an appeal due to poor and ineffective assistance of counsel. He also notes that there is a language barrier. He goes on to repeat his claims of ineffective assistance of counsel.

Alvarez's objections are a plea for equitable tolling. The United States Supreme Court held that the AEDPA's statute of limitations may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Id.* at 649. In the present case, Alvarez has not shown that he has been pursuing his rights diligently. He waited more than four years to file the present motion. Moreover, he has not shown that extraordinary circumstances stood in his way. He has not shown that he is entitled to equitable tolling. The present § 2255 motion is time-barred.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having

2

made a *de novo* review of the objections raised by Alvarez to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Alvarez's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that Alvarez's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All other motions not previously ruled on are hereby **DENIED**.

**SIGNED this 15th day of March, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE